IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ryshawn Lust (#2019-0528095), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 0114 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| Dr. Kahn, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff has submitted a document entitled "Status Check" [18] that the court construes as a motion to reopen this case. Plaintiff paid the filing fee on July 31, 2020, almost two months after the case was dismissed. Because Plaintiff paid the filing fee, as ordered, the motion to reopen [18] is granted. The court has reviewed Plaintiff's complaint [1] under 28 U.S.C. § 1915A, as addressed below, and now directs the Clerk to: (1) file Plaintiff's complaint [1] and reopen the case on the Court's docket; (2) issue summonses for service of the complaint on Defendants Khan and Anderson; (3) forward the USM-285 forms submitted by Plaintiff for Defendants Khan and Anderson [17] to the U.S. Marshal Service; and (4) send Plaintiff a magistrate judge consent form, filing instructions, and a copy of this order. The Marshal is appointed to effect service and is authorized to send requests for waiver of service in the manner prescribed by FED. R. CIV. P. 4(d) before attempting personal service. Plaintiff is reminded that he must promptly submit a change-of-address notification if he is released or transferred to another facility as the Clerk will not make any further attempts to locate him. If Plaintiff fails to keep the Clerk advised of his correct address, this lawsuit will be subject to dismissal. Civil case reopened.

**STATEMENT**

Plaintiff Ryshawn Lust, presently in custody at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, regarding allegations of constitutionally inadequate dental care at the Jail in 2019. Plaintiff has paid the filing fee, as ordered.

Under 28 U.S.C. § 1915A, the court is required to screen prisoners' complaints and dismiss any claims that are frivolous or malicious, fails to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that on an unspecified date in 2019, Dr. Khan filled a cavity in his tooth even though she knew it was infected. ([1], pg. 4.) Plaintiff further alleges that Dr. Anderson knew that he had a hairline fracture in his jaw, also knew he had an infection in his tooth, but did not provide him with a CT scan, and merely filled the tooth, ignoring the infection. (*Id.*, at pp. 4-5.) Plaintiff alleges that the tooth caused him great pain for months and was ultimately extracted by a dentist at Stroger Hospital. (*Id.*) Plaintiff alleges he was not provided proper treatment before being treated at Stroger Hospital, and suffered pain in the interim. (*Id.*)

Accepting Plaintiff's factual allegations as true, the court finds that further inquiry is warranted into Drs. Khan and Anderson's response to Plaintiff's need for dental care. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (explaining that a delay in providing effective dental treatment can violate the Constitution under certain circumstances); *see Harrison v. Barkley*, 219 F.3d 132, 136–37 (7th Cir. 2000) (same). While further fact development may show that Defendants' conduct did not run afoul of the Constitution or that Plaintiff is not entitled to the care he believes he needs or needed, his allegations are sufficient for now and the court will direct Defendants Khan and Anderson to respond to Plaintiff's complaint.

The court directs the Clerk to issue summonses for service of the complaint on Defendants Khan and Anderson. Plaintiff has submitted the USM-285 forms necessary for service of the complaint on Defendants. The Clerk is directed to forward the previously submitted forms [17] to the U.S. Marshal Service to effectuate service.

The Marshal is appointed to effect service. The court directs the Marshal to make all reasonable efforts to do so. With respect to any former employee of the City of Chicago Police Department who can no longer be found at the work address provided by Plaintiff, officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Marshal is authorized to send a request for waiver of service in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The court instructs Plaintiff to file all future papers concerning this action with the Clerk in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service reflecting the date that he gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded. Plaintiff is reminded that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action.

ENTER:

Date: October 16, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

/