**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RYSHAWN LUST,

                Plaintiff,

      *vs.*

DR. KHAN, et al.,

                Defendants.

No. 20 C 114

Chief Judge Rebecca R. Pallmeyer

JURY DEMAND

**DR. FAUZIA KHAN'S ANSWER,**
**JURY DEMAND, AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Date:  February 11, 2021

Respectfully submitted,

**KIMBERLY M. FOXX**
State's Attorney of Cook County

*/s/ Miguel E. Larios*
Miguel E. Larios
Assistant State's Attorney
Conflicts Counsel Unit
Cook County State's Attorney's Office
Richard J. Daley Center
50 West Washington Street, Suite 2760
Chicago, Illinois 60602-1305
Miguel.Larios@cookcountyil.gov

*Counsel for Defendant Dr. Fauzia Khan*

Defendant, Fauzi Khan ("Dr. Khan" or "Defendant"), by her attorney, Kimberly M. Foxx, Cook County State's Attorney, through her Assistant State's Attorney, Miguel E. Larios, pursuant to Fed. R. Civ. P. 8, and for her Answer, Jury Demand, and Affirmative Defenses to Plaintiff's Complaint (dkt. 20),[1] pleads as follows:

## STATEMENT OF CLAIM

1.      On - - 19 [sic], I seen Doctor Khan she knew about my tooth when she did a fill in [sic] on my bottom left side back when the tooth was infected when that tooth should have been pulled out not filled in.

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

2.      When I went to see the Dentist at Stroger Hospital the dentist there told Plaintiff that his tooth is very infected and need to come out right away when Doctor Khan knew Plaintiff [sic] tooth was infected and needed to come out when she didn't pull his tooth and Plaintiff was in a whole lot of pain for months, but it took four months for them to pull Plaintiff's tooth.

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

---

[1] Because Plaintiff's Complaint does not contain numbered paragraphs, this Answer breaks down each sentence as its own paragraph for simplicity of responding to the allegations.

3.      Yes, Plaintiff was giveing [sic] pain medication, but the pain subsided but always come back even harder.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

4.       Plaintiff also was putting in sick call about the pain then when Plaintiff had seen the Dentist Doctor Anderson would all way [sic] say Plaintiff have a hair line fracture in my jaw.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

5.      It took Plaintiff to go to Stroger Hospital gave [sic] Plaintiff a CAT scan when the doctor at Stroger saw from the CAT Scan Plaintiff took show [sic] Plaintiff tooth was infected when the day before Dentist Anderson just filled the same tooth that was infected.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

6.       When she did take x-ray of my tooth before she filled Plaintiff's tooth, and she said she didn't see the infection in my tooth.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

7.       This is a mildpracticed claim violation of Plaintiff 14th Amendment.

**ANSWER:   Defendant denies the allegations contained in the foregoing sentence.**

8.      Doctor Khan, Doctor Anderson [sic] behavior show such action entitled to nominal, compensatory, punitive damages against all the Defendant [sic].

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

9.      This is a deliberate indifference, mildpracticed [sic].

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

10.     Doctor Khan, Doctor Anderson miss diagnose [sic] Plaintiff when the both of them took x-ray of Plaintiff [sic] jaw when the infection was there, when Plaintiff complaining about his tooth on his left bottom tooth was hurting real bad.

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

11.     They did something to Plaintiff [sic] tooth, but not what need to be done to Plaintiff.

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

12.     This constitutes unnecessary and wanton affliction of pain proscribed by Plaintiff [sic] Eight Amendment rights manifested by the Dentists here in the Cook County Jail.

**ANSWER: Defendant denies the allegations contained in the foregoing sentence.**

13.     Exposeing [sic] Plaintiff to harm that posed an [sic] reasonable risk of serious damages to Plaintiff's health, suffer serious medical problem caused by not treating Plaintiff's medical need.

**ANSWER:   Defendant denies the allegations contained in the foregoing sentence.**

14.     Requires Inmate to be furnished with the basic human needs.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

15.     This is an ongoing problem here in the Cook County Jail.

**ANSWER:   Defendant denies the allegations contained in the foregoing sentence.**

16.     Dentist Khan, and Dentist Anderson, both was [sic] negligence because they both x-ray Plaintiff's tooth and did not see the infection in Plaintiff's tooth when Plaintiff had to be taken to Stroger Hospital to have a CAT scan on his head to find out that it was infection in Plaintiff's tooth that is why Plaintiff was in so much pain.

**ANSWER:   Defendant denies the allegations contained in the foregoing sentence.**

17.      The reason Plaintiff had a CAT scan because Doctor Anderson told Plaintiff that he might have a hairline jaw fracture that is why Plaintiff had CAT scan in the first place.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

18.     After Doctor Khan filled Plaintiff [sic] tooth two day [sic] later Plaintiff [sic] tooth stared [sic] hurting all over again and when Plaintiff went back to the Dentist, I was told Doctor Khan had did his filling to [sic] tight, and that still was not the problem.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

19.     Plaintiff had infection in his tooth and then Doctor Anderson x-ray [sic] Plaintiff's mouth and filed [sic] the filling down some, and Doctor Anderson had never seen the infection in Plaintiff [sic] tooth.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the foregoing sentence.**

20.     That's why my claim is mildpracticed [sic], negligence, deliberate indifference, a violation of Plaintiff's 14th, 8th, and 5th amendment rights.

**ANSWER:  Defendant denies the allegations contained in the foregoing sentence.**


**WHEREFORE**, Defendant, Dr. Fauzi Khan, denies that Plaintiff is entitled to the requested relief or any relief whatsoever and prays that this Court enter judgment in her favor and against Plaintiff, with costs, and grant such further relief this Court deems necessary.

## AFFIRMATIVE DEFENSES

1.      Plaintiff is a member of a class action that has been certified in the Northern District of Illinois and which encompasses the claims asserted herein. *See Whitney v. Khan, et al.,* No. 18 C 4475 (Dkt. 175) (Kennelly, J.). The *Whitney* class action seeks injunction and monetary relief. Plaintiff has not opted-out of the *Whitney* class and thus is barred from recovering in this matter.

2.      Dr. Khan's conduct was at all times objectively reasonable and did not violate any of clearly established constitutional rights. Therefore, she is entitled to qualified immunity.

3.      To the extent that Plaintiff failed to fully complete the Cook County Jail's grievance process, this claim is barred for failure to exhaust his administrative remedies.

4.      Dr. Khan is entitled to immunity under the Illinois Tort Immunity Act, 745 ILCS 10/2-202, because during all times relevant herein she performed discretionary functions while acting within the scope of her duties, and did not engage in any "willful and wanton conduct."

5.      Dr. Khan reserves the right to amend or supplement her Affirmative Defenses as this case progresses.

## JURY DEMAND

Dr. Khan hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE**, Defendant, Dr. Fauzi Khan, prays that this Court enter judgment in her favor and against Plaintiff, with costs, and grant such further relief this Court deems necessary.

Dated: February 11, 2021          Respectfully submitted,

                                  **KIMBERLY M. FOXX**
                                  State's Attorney of Cook County

                                  */s/ Miguel E. Larios*
                                  Miguel E. Larios
                                  Assistant State's Attorney
                                  Conflicts Counsel Unit
                                  Cook County State's Attorney's Office
                                  Richard J. Daley Center
                                  50 West Washington Street, Suite 2760
                                  Chicago, Illinois 60602-1305
                                  Miguel.Larios@cookcountyil.gov

                                  *Counsel for Defendant Dr. Fauzia Khan*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 11, 2021, he electronically filed the foregoing document with the Clerk of the Court for Northern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent notice to the attorneys of record in this case. A copy will also be sent to Plaintiff via U.S. Mail.

*/s/ Miguel E. Larios*